**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Timothy James HOBBS, Defendant–**
**Appellant.**

**No. 08–10820**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 7, 2009.

state commerce," but only applied to posses-
sion of the weapon.

\* Pursuant to 5TH CIR. R. 47.5, the court has
   determined that this opinion should not be

Talal Haffar, U.S. Attorney's Office,
Northern District of Texas, Dallas, TX, for
Plaintiff–Appellee.

Timothy James Hobbs, Seagoville, TX,
pro se.

Before WIENER, DeMOSS, and
SOUTHWICK, Circuit Judges.

PER CURIAM: \*

Timothy James Hobbs appeals the 60–
month concurrent sentences imposed fol-
lowing his guilty plea conviction for con-
spiracy to counterfeit, possess, and pass
United States currency, and possession of
a firearm by a convicted felon. Hobbs
argues that the Government repudiated
and breached the plea agreement, wherein
it recommended that the district court im-
pose a sentence at the lower end of the
applicable guidelines range of imprison-
ment, which the court determined to be 51
to 63 months. He requests that we vacate
his sentence and remand for resentencing
before a different district judge.

Because Hobbs did not sufficiently ap-
prise the district court of his claim that the
Government breached the plea agreement,

published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

review is limited to plain error. *See Puckett v. United States,* — U.S. —, — — —, 129 S.Ct. 1423, 1428–33, 173 L.Ed.2d 266 (2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 1429. If the appellant makes such a showing, this court has the discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Hobbs has not demonstrated that his sentence is the result of any plain error. Even if it is assumed that Hobbs could establish that the Government breached the plea agreement (which we do not decide), he has not satisfied the third prong, i.e., that any alleged error affected his substantial rights. At sentencing, the district court ruled that it would not accept the Government's recommendation for a sentence at the lower end of the guidelines range, and the court made it clear that it had no intention of sentencing Hobbs at the lower end. Additionally, the district court indicated that it had considered upwardly departing from the guidelines range because Hobbs was not totally straightforward when he testified at the sentencing hearing. Hobbs has not shown that he was prejudiced by the Government's alleged breach and, therefore, has not shown plain error.

Accordingly, the judgment of the district court is AFFIRMED.